UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Cr. No.: 6:11-cr-02026-GRA-8 |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | (Written Opinion) |
| v. | ) | |
| | ) | |
| Justin Jamaine Reeves, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the Court upon Defendant Justin Jamaine Reeves' ("Defendant") *pro se* motion under 18 U.S.C. § 3582(c)(2) for a reduction in his sentence based on Amendment 750 to the United States Sentencing Guidelines and the Fair Sentencing Act (FSA). For the following reasons, Defendant's motion is DENIED.

### **Background**

On February 23, 2012, Defendant entered a guilty plea to a charge of conspiracy to possess with intent to distribute 280 grams or more of crack cocaine and 5 kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). He was sentenced to a term of 120 months imprisonment, followed by five years of supervised release on April 17, 2012.[1] Defendant now moves for a reduction of his sentence under 18 U.S.C. § 3582(c)(2).

---

[1] Defendant's judgment and commitment order were entered on April 20, 2012.

**Standard of Review**

Defendant brings this claim *pro se*. District courts are required to liberally construe pleadings filed by a *pro se* litigant in order to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

**Discussion**

Section 3582(c)(2) of Title 18 of the United States Code provides that when a defendant's sentencing range has been lowered by the Sentencing Commission under the Guidelines, the Court may reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission.

The Fair Sentencing Act of 2010 (FSA) statutorily changed the threshold quantities of cocaine base, or "crack cocaine," that trigger mandatory minimum sentences under 21 U.S.C. § 841(b) and directed the Sentencing Commission to amend the Guidelines to reflect these new levels "as soon as practicable." Fair Sentencing Act of 2012, Pub. L. No. 111–220, § 8(1), 124 Stat. 2372 (2010). Thus, the Sentencing Commission promulgated Amendment 750, which became effective on November 1, 2011, and was made retroactive. This amendment adjusts the base offense level assigned to each threshold quantity of cocaine base, or "crack cocaine," downward to conform to the FSA. U.S.S.G. App. C, Amend. 750 (Nov. 1, 2011) (succeeding the temporary emergency amendment, Amendment 748, enacted on November 1, 2010).

In this case, Defendant was sentenced on April 17, 2012; therefore, his sentence was already based on the altered guideline offense levels for crack cocaine. As Defendant has received the benefit of Amendment 750 to the United States Sentencing Guidelines, he is not entitled to a sentence reduction under 28 U.S.C. § 3582(c)(2). Furthermore, Defendant's sentence was based on the statutorily mandated minimum for the offense of conspiracy to possess with intent to distribute 280 grams or more of crack cocaine and 5 kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Pursuant to the Fair Sentencing Act, the statutorily mandated minimum for conspiracy to possess with intent to distribute 280 grams of crack cocaine and 5 kilograms or more of cocaine is currently ten (10) years, or 120 months. Thus, once again, Defendant has already received the benefit of the Act's provisions.

In his motion for reduction, Defendant states that the majority of his co-conspirators "were sentenced under the Fair Sentencing Act and as a result they were only given five years." Def.'s Mot. to Reduce Sentence, ECF No. 680. The Court has reviewed the records of Defendant's eleven co-defendants which were sentenced by this Court. A majority of those defendants were sentenced to a term of imprisonment of at least 120 months. Some of the defendants did receive shorter sentences, but those sentences were based on the safety valve provision pursuant to U.S.S.G. § 5C1.2, a motion for downward departure made by the government, or a guilty plea to a less serious offense. All of the defendants in this case, including Defendant Reeves, were sentenced pursuant to the Fair Sentencing Act and the subsequently amended United States Sentencing Guidelines.

**Conclusion**

Therefore, because Defendant was originally sentenced pursuant to the Fair Sentencing Act of 2010, the Court finds that he is not entitled to a reduction in his sentence. All provisions of Defendant's previous sentence entered on April 20, 2012, remain in full force.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Reduction of Sentence is DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

January 18, 2013
Anderson, South Carolina


**NOTICE OF RIGHT TO APPEAL DECISION**

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Defendant has the right to appeal this Order within **fourteen (14)** days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**