UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Daniel Antonio Murraye, | ) | |
| | ) | |
| Petitioner, | ) | Cr. No.: 6:11-cr-02026-GRA-6 |
| | ) | C/A No.: 6:13-cv-00711-GRA |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| | ) | (Written Opinion) |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the Court on Petitioner Daniel Antonio Murraye's ("Petitioner's") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"). The Government has filed a Response in Opposition to the § 2255 Motion and moves for Summary Judgment as to Petitioner's § 2255 Motion. For the reasons set forth below, the Government's Motion for Summary Judgment is DENIED and the Petitioner's § 2255 Motion is GRANTED.

### Background

On December 20, 2011, Petitioner pled guilty to conspiracy to distribute 280 grams or more of cocaine base and five (5) kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(B)(1)(A). Prior to pleading guilty, Petitioner entered into a plea agreement with the Government. ECF No.

312. In the plea agreement, Petitioner waived his right to contest his conviction or sentence in any direct appeal or post-conviction action, except for claims of ineffective assistance of counsel or prosecutorial misconduct. Plea Agreement 9, ECF No. 312. On March 19, 2012, this Court sentenced Petitioner to a term of 120 months imprisonment to be followed by five (5) years of supervised release.

Petitioner timely filed this *pro se* § 2255 Motion on March 14, 2013.[1] ECF No. 704. The Government filed a response in opposition and moved for summary judgment on May 22, 2013. ECF Nos. 734 & 735. Petitioner was advised to respond to the Motion for Summary Judgment pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on May 23, 2013. ECF No. 736. Petitioner filed a timely response in opposition to the Government's Motion for Summary Judgment on June 17, 2013.

**Standard of Review**

Petitioner brings this motion *pro se*. District courts are required to construe liberally pleadings filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The liberal construction requirement does not mean that a court can ignore a clear failure to allege facts that set forth a claim cognizable in a federal

---

[1] Prisoner petitions are deemed filed at the time that they are delivered to prison authorities for mailing to the court clerk. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Liberal construction means that if the court can reasonably read the pleadings to state a valid claim on which the party could prevail, it should do so; however, a district court may not rewrite a motion to include claims that were never presented, *see Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the party's legal arguments for him, *see Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Additionally, Section 2255 provides that a prisoner in custody under a federal court's sentence may petition the court that imposed the sentence to vacate, set aside, or correct the sentence. The court may grant relief on the following grounds: (1) "the sentence was imposed in violation of the Constitution or the laws of the United States"; (2) the court lacked jurisdiction to impose such sentence; (3) "the sentence was in excess of the maximum authorized by law"; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Generally, a petitioner must prove these grounds by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam).

The Government has filed a Motion for Summary Judgment. The issue in determining a motion for summary judgment is whether there exists a genuine

issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. Fed. R. Civ. P. 56(e); *see Celotex*, 477 U.S. at 317.

## Discussion

In the § 2255 Motion, Petitioner raises one ground for relief: his counsel was ineffective for failing to file a notice of appeal on his behalf. ECF No. 704. Petitioner asserts that he "unequivocally requested" his attorney to timely file a notice of appeal and that his attorney failed to follow his instructions. *Id*. The Government filed a Response in Opposition to Petitioner's § 2255 Motion and a Motion for Summary Judgment. ECF Nos. 734 & 735. The Government argues that this Court should dismiss Petitioner's § 2255 Motion, because Petitioner knowingly and intelligently waived his appellate rights and he has failed to prove that his attorney provided ineffective assistance of counsel. Mem. Supp. Summ.

J. 3–7, ECF No. 734. In response to the summary judgment motion, Petitioner submitted an affidavit which states that after Petitioner was sentenced, he requested his attorney "to file a direct appeal." Pet'r's Aff., ECF No. 738-2.

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance fell below an objective standard of reasonableness and (2) that, but for his counsel's deficiencies, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

"[A] criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993). A petitioner is entitled to relief under 28 U.S.C. § 2255 when he is deprived of his right to appeal. *See id.* Furthermore, "an attorney renders constitutionally ineffective assistance of counsel if he fails to follow his client's unequivocal instruction to file a notice of appeal even though the defendant may have waived his right to challenge his conviction and sentence in the plea agreement." *United States v. Poindexter*, 492 F.3d 263, 265 (4th Cir. 2007).

When a district court is faced with an allegation that counsel disregarded petitioner's unequivocal instructions to appeal, "the Court may vacate the

judgment of conviction and immediately enter a new judgment from which a direct appeal may be taken." *Holmes v. United States*, C/A No.: 4:09-cv-70069-RBH, Cr. No.: 4:06-cr-01319-RBH, 2010 WL 1791256, at *1 (D.S.C. May 3, 2010) (citing *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993)). Such an action will allow Petitioner to make a timely appeal pursuant to the Federal Rules of Appellate Procedure. In this case, the only evidence the Court has before it is Petitioner's affidavit stating that he unequivocally instructed his attorney to file an appeal. Thus, this Court concludes it is appropriate to allow Petitioner to file an appeal without conducting an evidentiary hearing on the matter. In conclusion, the Court grants Petitioner relief under 28 U.S.C. § 2255 so that he be allowed to proceed with an appeal.

## Conclusion

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is GRANTED and Respondent's Motion for Summary Judgment is DENIED. The Court hereby vacates Petitioner's sentence of conviction and immediately reinstates and reimposes his conviction. **The Petitioner will have fourteen (14) days from the filing date of this Order to file a notice of appeal of his original conviction and sentence.** *See* Fed. R. App. P. 4(b)(1)(A)(i).

**IT IS SO ORDERED.**

*[signature]*

G. Ross Anderson, Jr.
Senior United States District Judge

July 22, 2013
Anderson, South Carolina